The opinion of the Court was delivered by
Tilghman C. J.
This case comes before us, on a rule lhe defendants, George Jarrett and others, styling themse^ves “ Trustees of the Harmony school at Chesnuthillf to shew causé, why a mandamus should not issue, command'nS them to surrender the possession of the school-house, and the regulation of the school, to John Huston and others, elected trustees of the said school, under the charter of incorporation thereof.
From the evidence which has'been produced, the facts of the case are as follows. On the 12th of March, in the year 1794, a certain Weigard Miller, conveyed to Christopher Ottinger and others, in fee simple, a lot of ground in Germantown township, on which a stone school-house had been erected, “ in trust for the use of the neighbourhood in general, for an English protestant school, and for no other use or uses whatever.” The school-house had been built, before this conveyance, by voluntary subscription of individuals in the neighbourhood.; and by similar subscriptions an acre of adjoining ground was purchased from Ann Miller, in the year 1806, the legal estate of which was vested in trustees for the safne use. It was the custom, for the neighbours to meet from time to time, and choose trustees for the superintendance of the school. Things went on in this manner, until last January, when some of the neighbourhood, thinking that the school had been mismanaged, and that its affairs might be better conducted by a corporation, proposed that an. incorporation should be procured ; but the proposition was negatived by a large majority, at a meeting regu *461 Iarly convened ; and at the, same time the majority elected the defendants trustees, in the usual manner. But the minority, not satisfied' with these proceedings, formed an association, under the Act of April, 1791, by the name of “ The Harmony school association at Chesnuthillf which was incorporated on the 20th March, 1821.. Under that charter, the relators, John Huston and others, were chosen trustees, and-they now claim the possession and the management of the school. It is provided by the 4th article of the charter, that its corporation shall hold “ all and all manner of lands, tenements, rents, annuities, franchises and hereditaments,, heretofore holden by the said' association, or that shall hereafter purchased by them.7’ .
It is difficult to perceive, from this state of facts, what pretension the relators can have, to take the possession and management of this school, from the defendants; It cannot .seriously be contended, that a number of individuals forming a voluntary association,' and obtaining a charter, under the Act of April, 1791, can by virtue of an article thrown into their charter, appropriate to the corporation, property which never'belonged to the association. Nothing like this is to be found in the Act of Assembly. Now the property in question, never did belong to the association, (I speak not of the legal estate, but of the trust to which the legal estate was subject,) but to them, and many others who were opposed to the association. Nay, the opponents were the majority. And can it be supposed, for .a moment, that the minority can thus defeat the wishes of the majority ? It is very possible, that the school might .be better managed by a body corporate. ' But it seems, those' who are interested in it, do not think so. The trust is loosely expressed íífor the use of the neighbourhood,” It would have been better, if the manner of appointing trustees to manage the school, had been provided. Perhaps, if we had a Court of . Chancery, something to. cure that defect, might be done.. But ■ as we have no such Court, there is no authori ty, but the Legislature, which can interfere in -such a cáse, and even if the Legislature should think proper to act, it would do nothing to alter the original trust, but 'only make such rules and regulations as might appear'necessary for carrying that .trust into effect.
*462 It is the opinion of the Court, that the defendants have shewn good cause against a mandamus, and therefore the rule should be discharged.
Rule discharged,